CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 09 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JERRY L. WOODY, | CASE NO. 3:06CV00005 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 15, 2000 claim for a period of disability, disability income benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 44 years old with a ninth grade education and with past relevant work as a mover, truck driver, and laborer, had not engaged in substantial gainful activity since his alleged date of disability onset, October 1, 1996, and was insured for benefits through December 1996[1]. (R. 17, 22.) The Law Judge further found that plaintiff has obesity and a musculoskeletal disorder, which are severe impairments, though not severe enough to meet or equal any listed impairment.[2] (R. 17-18, 22.) The Law Judge was of the view that although plaintiff's allegations

---

[1] The Law Judge noted that although plaintiff's reported work activity was sporadic and minimal, it was sufficient to insure him through December 1996. (R. 17.)

[2] The Law Judge also found that plaintiff has an affective disorder and a personality disorder. However, the Law Judge determined that these conditions did not rise to the level of being severe

regarding to his ability to perform his past relevant work were credible, the allegations that he was unable to perform *any* substantial gainful activity were "not totally credible." (R. 22.) The Law Judge found that plaintiff retained the residual functional capacity to perform light work that did not require more than occasional climbing, balancing, stooping, kneeling, crouching or crawling. (R. 20, 22.) The Law Judge concluded that plaintiff could return to his past relevant work as a dispatcher. (R. 21-23.) The Law Judge further concluded that even if plaintiff had not worked as a dispatcher, a finding of disabled was mandated under Rule 202.17. (R. 22, 23.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 6-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

At the outset, the court notes that the manner in which the Law Judge adjudicated plaintiff's claim makes it difficult, if not impossible, for the court to conduct a meaningful review of the Commissioner's final decision. At step four in the sequential evaluation, the Law Judge found that the "majority of the [plaintiff's] past relevant work has been in the moving business and has involved more than light work and exceeds the [plaintiff's] established residual functional capacity." (R. 21.) The Law Judge also found that plaintiff had worked as a dispatcher for six months and the Law Judge was of the view that this was "long enough" for him to have learned "the job and to demonstrate his ability to perform the job." (*Id.*) Therefore, he found plaintiff was not disabled from his past relevant work. (R. 21, 23.)

Yet, the inquiry did not cease, and the Law Judge alternately proceeded to the final level of the sequential inquiry. He concluded that, even if plaintiff was disabled from his past relevant work, the grids compelled a finding that other jobs were available to a person with plaintiff's residual functional capacity. Thus, he was not disabled under the Act.

Under the regulations setting forth the sequential paradigm, once a finding of disabled or not

---

impairments. (R. 17.)

2

disabled is made at any level of the sequential evaluation process, the inquiry is to cease at that level of the analysis. 20 C.F.R. § 404.1520(a)(4). While the Law Judge apparently made a finding that plaintiff could return to his past relevant work, which would mandate a finding that plaintiff was not disabled, he proceeded further to conduct an alternative evaluation at the next step of the sequential evaluation. This makes judicial review of the administrative decision impossible because the court cannot determine where in the process the Law Judge actually found the weight of the evidence to lie, notwithstanding the fact the Appeals Council gave its imprimatur to a process not consistent with the Commissioner's own regulations. *See DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983). [3]

The undersigned does not believe the presiding court should allow to stand a final decision which adopted alternative findings or countenance administrative bet hedging which run counter to the Commissioner's own regulatory paradigm. Good cause has been shown to remand this action for further proceedings. Upon remand, the Commissioner should determine either that plaintiff can return to his past relevant work and end the evaluation at step four, or that plaintiff cannot perform his past relevant work and direct supplemental evidentiary proceedings a the final level of the evaluation where vocational evidence may be necessary.[4]

Therefore, the undersigned RECOMMENDS that an order enter REVERSING the Commissioner's final decision which denied benefits but REMANDING the case to the Commissioner for further proceedings. The order should direct that in the event the Commissioner cannot grant benefits on the current record, she should recommit the case to a Law Judge for supplementary evidentiary

---

[3] The Law Judge's legal conclusion that, notwithstanding that plaintiff's past work had been sporadic, his work for six months as a dispatcher qualified as "past relevant work" has scant, if any, factual support. The rationale is offered in a single sentence tracking the regulatory definition of past relevant work under 20 C.F.R. §§ 404.1560(b)(1) and 416.960(b)(1). (R. 21.) *DeLoatche* seems to require more explanation that the Law Judge gave his finding.

[4] The undersigned notes that, in his alternative findings, the Law Judge relied on the grids to compel a finding of disabled under circumstances where non-exertional limitations very well might be present. Such exclusive reliance would not be consistent with the Commissioner's regulations or the axiomatic decisional authority in this Circuit. 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2, § 200.00(e).

proceedings in which each side may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

August 9, 2006
Date

4