


IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JERRY WOODY, <br><br> *Plaintiff,* <br><br> v. <br><br> JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, <br><br> *Defendant.* | CIVIL ACTION NO. 3:06-CV-00005 <br><br><br> <u>OPINION AND ORDER</u> <br><br><br> JUDGE NORMAN K. MOON |

## I. BACKGROUND

This is the second time Plaintiff's case has come before this Court for review. Originally, Plaintiff filed suit in 2003, seeking review of an unfavorable decision by the Commissioner through the state agency, Administrative Law Judge, and appeals council. This Court, the Honorable James H. Michael, Senior U.S. District Court Judge, presiding, remanded the case for reconsideration, finding that two aspects of the original decision were not based on substantial evidence. Specifically, the Court was concerned at the lack of evidence regarding the requirements of Plaintiff's past relevant work, and with the possible non-exertional limitations imposed by pain and obesity. The Commissioner was specifically instructed to adduce new evidence on these points. The ALJ's decision was again unfavorable to Plaintiff.

On February 22, 2006, Plaintiff brought this action under 42 U.S.C. § 405(g) for review


of the Commissioner's denial of his claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. By standing order of the Court, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. Plaintiff and Defendant filed motions for summary judgment motion on June 22, and July 20, 2006, respectively. The Magistrate filed his Report and Recommendation ("Report") on August 9, 2006 recommending that this Court enter an Order reversing and remanding the case for further consideration.

On August 21, 2006, Defendant filed Objections to the Report, which obligated this court to make a *de novo* determination with respect to those portions of the report to which objections were made. 28 U.S.C.A. § 636(b)(1). After a thorough examination of Defendant's objections, the applicable law, and the documented record, this Court declines the Report in part, upholds the decision of the Commissioner in part, and orders the case remanded in part.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1990).

It is the duty of the Commissioner reviewing a case, not the responsibility of this Court,

to make findings of fact and to resolve conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) (holding that the court does not find facts or try the case de novo when reviewing disability determinations).

In this case, the Court will limit its review of the case those aspects of the matter which were previously found unsupported by substantial evidence; matters resolved in the July 1, 2004 decision will not be revisited.

### III. DISCUSSION

This case comes to this Court in an unusual procedural posture, having once been remanded already with specific instructions to the Commissioner. The Commissioner has carried out those instructions and provided substantial evidence to support the conclusion that Plaintiff was not disabled at the time of his original application. Furthermore, his Title II DIB claim is time-barred. However, four years have passed since the original ALJ decision, and more than two have passed since the first remand and second ALJ decision. There have been significant medical developments during this time which could not have been accounted for in the original decision or remand instructions, but which require further consideration.

It is apparently uncontested that Plaintiff's last insured date for Title II DIB was December, 1996 (R. 300). Benefits may be paid retroactively only for the 12 months preceding the month in which an application for disability is filed. 20 C.F.R. § 404.621(a). Because this application was filed on October 31, 2000, (R. 299), no Title II benefits are available, regardless of disability, for any period before September 1999. Similarly, Title XVI SSI benefits are only available beginning the month *after* filing, which means they would not be available before November 2000. 20 C.F.R. § 416.335. Therefore, the only matter before this court is the availability of SSI benefits from November 2000 to the present.

The remand which occurred on July 1, 2004, instructed the ALJ to do two things: 1) investigate Plaintiff's prior work as a dispatcher in more depth to determine if he could return to it, and 2) resolve the question of Plaintiff's pain and obesity, either by explicitly finding that they did not constitute a non-exertional impairment, or, if that was not the finding of the ALJ, by obtaining Vocational Expert (VE) testimony on the effect on the occupational base that pain and obesity would have. This Court finds that the ALJ successfully complied with both aspects of the remand order and supported his findings by substantial evidence.

After taking testimony from both Plaintiff and the VE, the ALJ found that his work as a dispatcher was both exertionally and educationally beyond his abilities. (R. 307). Although the VE testified that dispatcher work is generally sedentary, that assessment excluded dispatchers in the moving industry. Id. Plaintiff described exertional requirements far beyond sedentary work, extending in to the heavy and even very heavy categories. Id. The VE also testified that dispatching in other, less demanding, industries requires computer skills which Plaintiff lacks. Id. For these reasons, the ALJ concluded that Plaintiff could not return to his past relevant work, a conclusion supported by substantial evidence.

The ALJ similarly concluded that while Plaintiff's obesity contributed to his exertional limitations, his pain and obesity did not, singly or in combination, rise to the level of a non-exertional impairment. (R. 306). The ALJ discussed medical records showing interventions designed to lessen pain, which has, according to Plaintiff's self-report, been at least somewhat successful. Plaintiff's pain had been significantly reduced to the point where it was present, but not disabling. (R. 306). Furthermore, there is nothing in the record indicating that obesity imposes anything other than some limits on lifting and postural movements; it simply is not a non-exertional limitation. (R. 306-307).

Plaintiff's motion for summary judgment contains extensive recitations of his treatment history for both mental and physical conditions, accompanied by the argument that the ALJ did not adequately deal with this evidence. But the ALJ was under no obligation to do so at the second hearing, as the remand order was specific and narrow. (See R. 385 to 402). The ALJ was only required to consider the two issued cited above: the ability of Plaintiff to take work as a dispatcher, and the extent to which pain and obesity constituted non-exertional impairments. This the ALJ did, and resolved them in a manner supported by substantial evidence. All other issues, because they were not part of the remand order, were fully resolved by the first ALJ opinion and implicitly upheld by this Court at that time as supported by substantial evidence. There is no justification offered for relitigating them now.

The Commissioner's determination will be upheld as of the date of the first ALJ opinion. Benefits are denied for the period before Sept. 19, 2002. (R. 23).

However, it has been more than four years since that original ALJ opinion. It is possible, although this Court expresses no opinion on the matter, that in that time Plaintiff's condition(s) have worsened to the point that they now make him eligible for SSI disability payments. Plaintiff is perfectly correct to point out that the last medical opinion in this case comes May 31, 2001, and that opinion may very well be out of date. Rather than forcing Plaintiff to file another application (and in particular, to avoid the harsh effect of the time limitations of 20 C.F.R. § 416.335), the Commissioner should at this time reconsider Plaintiff's case with an alleged onset date of September 19, 2002, or later. In so doing, the Commissioner may choose to treat this case as though it had been newly filed, and refer it the State Agency for initial adjudication and consultive examinations, as necessary.

## IV. CONCLUSION

All benefits are denied for the period before September 19, 2002. The Court expresses no opinion on the propriety of Title XVI SSI benefits for any period of time after that date. Defendant's Motion for Summary Judgment is DENIED. Plaintiff's Motion for Summary Judgment is DENIED. The decision of the Commissioner as to the period after September 19, 2002 is REVERSED. The case is REMANDED for *de novo* consideration of that time period, including referral to the State Agency if the Commissioner shall so decide. This case will be STRICKEN from the docket of this Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _Norman K. Moon_
U.S. District Court Judge

DATE: December 21, 2006