CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 0 4 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JERRY WOODY, | CASE NO. 3:06CV00005 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This action is before the court under 28 U.S.C. § 636(b)(1)(B) on the December 28, 2006 petition of the plaintiff for an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The petition seeks an award of $2,177.50 for 16.75 hours of court-related services to the plaintiff at a cost of living adjusted rate of $130.00 per hour. The Commissioner has opposed any award of EAJA fees in this case on the alternate grounds that plaintiff is not a prevailing party at this juncture of the case or that no finding has been made that the Commissioner's decision appealed to this court was not supported by substantial evidence or that it was not substantially justified and that an award of EAJA fees would be unjust. The undersigned agrees and will RECOMMEND that the presiding District Judge DENY the petition.

As the Commissioner points out in his January 31, 2007 Brief in Opposition, the presiding District Judge remanded this action for further proceedings to consider after acquired developments in the medical evidence which could not have been accounted for in prior proceedings leading to the Commissioner's final adverse decision on judicial review. Moreover,

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner Jo Anne B. Barnhart as the defendant.

while the initial claim was for a period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI), the remand was limited to whether plaintiff could prove entitlement to SSI benefits after November 2000.

The District Judge specifically found that the Law Judge had complied with prior directions on remand and that his decision, which the Commissioner had adopted, was supported by substantial evidence for the reasons the presiding court fully articulated in his Opinion and Order entered on December 21, 2006. In fact, the District Judge determined that "The Commissioner's determination will be upheld[.]" (Opinion and Order at 5.) In light of the additional medical evidence, and rather than requiring the plaintiff to file a new application subject to what the court characterized as the "harsh effect of the time limitations" imposed by the statute, the court remanded the case for further proceedings "as necessary" to reconsider the case with a new alleged date of onset. (*Id.*)

The undersigned finds no authority under the EAJA for the award of fees to plaintiff as a "prevailing party" under the circumstances of this case. The undersigned will not construe that portion of the court's Order which "REVERSED" the Commissioner's decision as to any benefits claimed after September 19, 2002, as anything more than granting plaintiff an opportunity to again adjudicate a claim that otherwise might be entirely barred. The undersigned declines to convert such an opportunity to a ground for fee recovery under the EAJA, and RECOMMENDS that the petition be DENIED.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days

2

Case 3:06-cv-00005-NKM-BWC   Document 23   Filed 04/04/07   Page 2 of 3   Pageid#: 114

hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

4/4/07
Date